## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### October 20, 1916.

## THE PEOPLE v. MICHAEL J. SISTO.

(174 App. Div. 532.)

MURDER—SELF-DEFENSE—EVIDENCE    JUSTIFYING    CONVICTION—TRIAL—
FAILURE OF COURT TO ANALYZE EVIDECE.

Appeal from a judgment convicting the defendant of murder in the second degree. The killing was admitted but the defendant claimed that he had acted in self-defense. Evidence examined, and *held*, to justify a verdict of conviction.

Where counsel in summing up have analyzed the testimony it is not error for the court to refrain from reviewing and discussing it before the jury.

APPEAL by the defendant, Michael J. Sisto, from a judgment of the Supreme Court convicting him of murder in the second degree, which judgment was entered in the office of the clerk of the county of Kings on the 27th day of December, 1915.

*Martin T. Manton,* for the appellant.

*Harry E. Lewis, District Attorney (Ralph E. Hemstreet, Assistant District Attorney,* with him on the brief), for the respondent.

PUTNAM, J.:

On the morning of October 25, 1915, James Dalessio, who owned a saloon at the corner of Third avenue and Union street, Brooklyn, while standing behind his bar, was shot and killed by defendant. While admitting the shooting, Sisto claims to have acted in self-defense.

The main point urged on this appeal is that the verdict of the jury is against the weight of evidence. This has required a careful review of the testimony, which has been examined in detail.

Defendant testified, and there was other evidence given in his behalf, which, if credited by the jury, would have established the fact that defendant was in the first instance attacked and fired upon by Dalessio, and only returned the fire in defense. The jury, however, rejected this version, which, on the whole, seems the less probable one.

Both defendant and deceased were men with criminal records. Defendant had served a term in prison for stabbing a man, and deceased had served a term for shooting a police officer.

The prosecution produced two witnesses (Walker and Berry) who told of threats made by defendant against deceased's life on this morning of the homicide. Three witnesses (Lafferty, Ruters and Dolan), eye-witnesses to the shooting, testified that defendant came into the saloon and, immediately after some words by both in Italian, opened fire on Delassio, and when the latter fell to the floor the defendant stood up on the rail in front of the bar and fired other shots at deceased. This is corroborated by the testimony of the police officers that bullet holes were found in the door behind the bar. The People's evidence was that no weapon was found either on deceased's person or on the premises. Robertson, one of the defendant's witnesses, however, testified that he saw deceased's mother searching her son's clothes as he lay on the floor. It was not shown that she had thus obtained any weapon. It is enough to say, however, that the evidence presented an issue of fact, and that the jury's finding is fully sustained by the record.

It is also urged that the trial justice (to whose charge no exception was taken) committed error in failing to analyze, discuss and present the evidence to the jury.

Where the issues in a murder trial are complicated the court may doubtless marshal the evidence in its charge. But after the facts of this affray had been analyzed in the summing up of the respective counsel, we think the trial court wisely left them to the jury with proper instructions on the law defining the degrees of crime, without commenting upon the details of this testimony.

The defendant had a fair trial, and the conviction should be affirmed.

JENKS, P. J., CARR, MILLS and RICH, JJ., concurred.

Judgment affirmed.